I agree with the majority's conclusion that the transcribed proceeding from February 15, 2007, standing alone, was not adequate to constitute a probation revocation hearing. The record is not adequate to determine whether the circuit court actually conducted a revocation hearing. Therefore, I disagree with the majority's conclusion that the appellant was actually denied the right to a probation revocation hearing and that this case should be reversed and remanded. Accordingly, I must respectfully dissent.
Initially, I disagree with the majority's statement that "[t]he court reporter's certification indicates that this single statement by the trial court was the entire revocation `hearing' held on February 15, 2007, and that no additional revocation hearing was held in this case that was not transcribed."992 So.2d at 799 n. 2. Rather, it appears that the court reporter actually certified that the transcript was all of the proceedings that had been reported by her. The court reporter's certification does not preclude the possibility that the circuit court might have conducted additional proceedings that were not transcribed. Also, the record indicates that the circuit court conducted an initial appearance. Because there is no transcript of that proceeding, we have no way to determine whether the appellant admitted the alleged probation violations during that proceeding and whether the February 15, 2007, hearing was merely a dispositional hearing.
Further, in its written revocation order, the circuit court stated that it had set a hearing for February 15, 2007; that the appellant had appeared for the hearing; that the appellant had admitted the allegations regarding the probation violation; and that, based upon the testimony presented, it found that the appellant had committed various probation violations. I agree that the transcribed proceeding from February 15, 2007, does not support the circuit court's findings. Nevertheless, because there is a conflict between the transcribed proceedings and the circuit court's written revocation order, we should remand this case for the circuit court to make specific findings of fact as to whether it conducted any other proceedings.
WISE, J., concurs. *Page 802